

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YONG CHA LEE,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 3:19-cv-5287-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND PETITION

Petitioner, proceeding *pro se*, initiated this matter on April 15, 2019 by filing a "motion for review of sentence" under 28 U.S.C. § 2241, which the Clerk docketed as a petition for habeas corpus. *See* Dkt. 1. The District Court has referred this matter to the undersigned. *See* Dkt. 2.

Having reviewed the petition, Court is unable to determine whether petitioner intends to bring her petition under 28 U.S.C. §§ 2241 or 2255. Therefore, the Court directs petitioner to file an amended petition on the appropriate form by June 21, 2019 and to cure the deficiencies identified below.

## BACKGROUND

Petitioner is incarcerated in a federal institution in Alabama, where she states that she is serving a 72-month sentence imposed by the Honorable Robert J. Bryan, a District Judge for the Western District of Washington, Tacoma, for "conspiracy to distribute a listed chemical in violation of 21 [U.S.C. §§] 841(c)(2) and 846." *See* Dkt. 3, at 2, 5. She appears to argue that the District Court should have exercised its discretion and imposed a shorter sentence on the basis that she cooperated with a government investigation. *See* Dkt. 3, at 4.

## DISCUSSION

Petitioner requests relief under 28 U.S.C. § 2241, apparently in the form of a shortened sentence. *See* Dkt. 3, at 1, 5. This appears to be the type of challenge to the legality of a sentence that "must be filed under [28 U.S.C.] § 2255 in the sentencing court," before the sentencing judge, in contrast to a challenge to "the manner, location, or conditions of a sentence's execution," which "must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *see* Rules Governing Section § 2255 Proceedings, Rule 4(a).

However, although motions challenging a sentence's legality should generally be brought under § 2255, that statute's saving clause provides that in limited circumstances, such a challenge could be brought under § 2241: "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where [her] remedy under § 2255 is 'inadequate or ineffective to test the legality of [her] detention.'" *Hernandez*, 204 F.3d at 864–65 (quoting 28 U.S.C. § 2255). In the Ninth Circuit, the § 2255 saving clause applies "where a petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural

shot at presenting that claim.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)).

Petitioner neither alleges that she is actually innocent nor attempts to show that she has not had an "unobstructed procedural shot" at presenting her claim regarding the length of her sentence. Therefore, petitioner has not shown that her petition is one properly brought under § 2241, rather than § 2255. However, as noted above, petitioner states that she seeks relief under § 2241—thus it is unclear how petitioner wishes to proceed.

The Ninth Circuit has made clear that "before proceeding to any other issue," the Court "must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255." *Hernandez*, 204 F.3d at 865. Because it is unclear from the petition whether petitioner wishes to proceed under § 2241 or § 2255, the Court finds that petitioner must amend her petition before a determination can be made regarding the statute under which petitioner seeks relief and the appropriate forum for her claims. This petition is properly before District Judge Robert J. Bryan in the Western District of Washington, Tacoma, if brought under § 2255, and before the Northern District of Alabama, if brought under § 2241; the Court will consider recommending transfer of this case to the appropriate court and/or district once petitioner has filed her amended petition.

Moreover, the Court notes that if petitioner wishes to proceed under § 2241, she has incorrectly captioned her case—the correct respondent is petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). If petitioner wishes to proceed under § 2255, she has correctly captioned this matter. *See* Form Motion under 28 U.S.C. §

2255.[1]  If petitioner wishes to proceed under § 2255, she must further show that her petition complies with the limitations period outlined in § 2255(f).

For these reasons, the undersigned **ORDERS** that if petitioner wishes to pursue this matter, she clarify whether she intends to file a § 2241 or § 2255 action and file an amended petition on or before **June 21, 2019**.  The amended petition shall be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference.  The amended petition will operate as a complete substitute for the original petition and not a supplement.  The amended petition must be on a form provided by this Court.

If petitioner fails to adequately address the issues raised herein and to file an amended petition on or before June 21, 2019, the undersigned may recommend dismissal of this action.  The Clerk shall provide petitioner with the forms for relief under § 2241 and § 2255 and with a copy of this order.

Dated this 23rd day of May, 2019.

_____
J. Richard Creatura
United States Magistrate Judge

---

[1] *Available at* https://www.uscourts.gov/forms/civil-forms/motion-vacateset-aside-sentence-motion-under-28-usc-ss-2255.